CARROLL, DONALD K., Acting Chief Judge.
The defendant-husband in an action to enforce an Indiana divorce decree has taken this interlocutory appeal from an order entered by the Circuit Court for Volusia County denying his motion to dismiss the plaintiff’s amended complaint.
The basic question presented for our determination in this appeal is whether the said Indiana decree is enforceable as to arrearages of alimony due under a separation agreement which was approved by the Indiana court.
The plaintiff alleges in her amended complaint that in 1962 she filed an action for divorce against the defendant in the Circuit Court' for the County of Steuben, State of Indiana, and thereafter the parties entered into a property settlement agreement, a copy of which was attached to the amended complaint herein; that in the said action the said court entered a decree, ordering that the plaintiff be divorced absolutely from the defendant, approving the said separation agreement, and ordering that the parties perform their respective obligations under that agreement; and that the defendant failed to make the payments which he promised to make in the said agreement, and has failed to perform other promises therein; so that there was due the amount of $17,500 plus interest, and other sums. The complaint also alleges that the defendant departed from the State of Indiana, leaving no property there, and is now a resident of Volusia County, Florida.
The strongest contention urged by the defendant-appellant in this appeal is that the Indiana decree is not enforceable in this state because of the general rule that the courts of one state need not give full faith and credit to a divorce decree entered by a court of another jurisdiction if the latter court has the power to cancel the arrears or to modify the decree retrospectively. He supports this contention by quoting the following statement of the law in Florida from 10 Fla.Jur., Divorce, Sec. 292, pages 704 and 705:
“Requirement of Finality. The question whether the requirement of full *746 faith and credit entitled the wife to sue in this State to enforce a claim for arrears of periodic alimony payable under a decree of another state depends upon whether the court which entered the decree has the power to cancel the arrears or to modify the decree retrospectively. If the Court which entered the decree cannot cancel the arrears, she has a vested right thereto and the decree comes within the full faith and credit clause, hut if the foreign court may cancel the arrears the wife is not entitled to a judgment therefor in this State. Changing the emphasis but not the basic rules, it is held that a foreign decree for alimony payable in installments is entitled to enforcement in this State under the full faith and credit clause unless, under the law of the state in which the decree was entered, the arrears can be canceled. Of course, if she first obtains, from the court which entered the decree, a final judgment for the amount of the arrears, which cannot be modified in that state, full faith and credit requires that the Florida courts enforce it.
“It may be noted that in other jurisdictions there is a conflict of authority on the question whether a local court should, on principles of comity, enforce payment of arrears even though the court which entered the decree may cancel them. The Florida Supreme Court has not yet decided this question, although it enforces, by comity, decrees for future payments.”
We think that the statement just quoted is a fair statement of the present decisional law in Florida.
Applying the quoted rules to the Indiana decree involved in the case at bar, we find the following expressions in the Indiana decree: that the court “expressly approves the provisions of the Agreement pertaining to the payment of alimony to the wife; and the Court orders that its provisions be performed. * * * The Court now orders the parties to perform their respective obligations under the Agreement subject to the continuing jurisdiction and further orders of this Court for the purpose of enforcing such obligations. * * * The Court retains jurisdiction for the enforcement of the obligation of alimony by the Defendant, Vacel Harrington.”
In addition to the foregoing consideration, the plaintiff-appellee’s position is aided by the presumption, in the absence of proof to the contrary, that the court which entered the decree cannot cancel the arrears or modify the decree retroactively. The rule as to this presumption and the burden of proof as to finality, is thus stated in 10 Fla.Jur., Divorce, Sec. 393, pages 705 and 706:
“In aid of the wife’s local action to enforce a foreign decree for alimony, there is a presumption, in the absence of proof to the contrary, that the court which entered the decree cannot cancel arrears or modify the decree retrospectively. Of course, the husband is entitled to prove that under the law of such other state the court can modify the decree retrospectively, but in view of the presumption in favor of the finality of the decree, the husband must allege and prove that the contrary is the' rule; he carries this burden even under the statute providing for judicial notice of foreign law.”
Does the Indiana court’s retention of jurisdiction to enforce the obligations of the parties under the separation agreement, which obligations the parties are directed to perform in the decree, amount to a reservation of the power to cancel the arrears or to modify the decree retrospectively? We think not, and the appellant has not presented any convincing authority that would indicate that the answer should be in the affirmative. Certainly the said power to cancel or modify was not reserved expressly, nor, we think, impliedly.
*747 We have considered the other points raised in this appeal, and we find them without substantial merit.
In our opinion, the plaintiff’s above amended complaint sufficiently alleges a claim for relief in the Circuit Court for Volusia County, and hence that court properly denied the defendant’s motion to dismiss the said complaint.
For the foregoing reasons this interlocutory appeal, we think, lacks substantial merit and, therefore, pursuant to Rule 4.2, subd. c of the Florida Appellate Rules, 32 F.S.A., this appeal must be and it is
Dismissed.
JOHNSON and SPECTOR, JJ., concur.